## In re CATES et al.

(District Court, S. D. Florida. December, 1921.)

**1. Bankruptcy ⚖️114(1)—Receiver not appointed in involuntary proceeding because of pendency of conflicting proceedings.**

Where, pending a proceeding by creditors to have five persons, alleged to be partners, adjudicated bankrupts, two of such persons, claiming to be partners under a somewhat similar name, were adjudicated bankrupts on their voluntary petition, a receiver will not be appointed in the involuntary proceeding because of the alleged danger that the petitioning creditors may be estopped if they participate in the meeting of creditors called in the voluntary proceeding.

**2. Bankruptcy ⚖️51—Adjudication on voluntary petition not set aside because of pendency of involuntary proceeding.**

Where, pending a proceeding to have five alleged partners adjudicated bankrupts, two of them, claiming to be partners under a somewhat similar name, were adjudicated bankrupts on their voluntary petition,

---

⚖️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and it had not yet been established that the five persons named in the involuntary proceeding constituted the partnership, an adjudication on the voluntary petition will not be set aside.

In Bankruptcy. In the matter of Clement D. Cates and others, alleged bankrupts. On petition for the appointment of a receiver and motion to set aside the adjudication. Petitions denied without prejudice.

J. N. Morris, of Jacksonville, Fla., for petitioning creditor.
George M. Powell, of Jacksonville, Fla., for bankrupts.

CALL, District Judge. On December 1, 1921, an involuntary petition was filed by certain creditors against C. D. Cates, Frederick S. Cates, Julian G. Cates, Edwin H. Cates, and Fred E. Thompson, individually and as copartners doing business under the firm name and style of C. D. Cates & Co. On December 5th service of the petition for the appointment of a receiver was made upon C. D. Cates. On December 5, 1921, Clement D. Cates and Julian G. Cates, as copartners as Clement D. Cates & Co. filed a voluntary petition, and on December 9th each of the parties filed his petition to be adjudicated a bankrupt. Upon these last petitions adjudications were had, without notice to the creditors filing the petition first above noticed. On December 12th a motion was made by the creditors filing the first petition to set aside the adjudication in bankruptcy of the copartnership made upon the voluntary petition filed December 5th and this motion was heard at the same time with the petition for a receiver.

[1] Clement D. Cates and Julian G. Cates answered the involuntary petition and the petition for a receiver, denying that Frederick S. and Edward H. Cates and Fred E. Thompson were associated with them in the copartnership of Clement D. Cates & Co., and affidavits were filed by the parties supporting their several contentions. It was made known to the court at the hearing that the first meeting of creditors of the firm of Clement D. Cates & Co. was called for the 17th prox. The movants contended that the receiver should be appointed, principally because of the danger of an estoppel being worked against them, should they participate in the meeting of creditors on the 17th. This contention does not impress me with much force. By the appointment of a trustee the assets of the partnership will be conserved to a better extent than by a receiver with his limited powers. The main contest in this matter will eventually be the membership of the firm. If this issue is decided in favor of the petitioning creditors, it will then be time to appoint a receiver of such property as has not been brought into the bankruptcy court by the three voluntary petitions, should such appointment be proper.

[2] The petition for a receiver will therefore be denied. The motion to set aside the adjudication of the partnership of Clement D. Cates remains to be disposed of. The Bankruptcy Act (Comp. St. §§ 9585–9656) provides for such an adjudication. Such an adjudication is sought in the involuntary petition. While the creditors filing the petition seek to have the copartnership of Cates & Co. declared bankrupt, the entity, if such a word can be used in regard to a partnership,

is not the same. The petitioners contend that five persons constitute the copartnership, and this is a fact not yet established, as to which I as yet will not express any opinion.

Under the condition I now find of the cases I am of opinion that the motion to set aside the adjudication should be denied. In denying the petition for a receiver and to set aside the adjudication, the orders will be made without prejudice to the renewal of same, if at any time such motions should be proper.